UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIN MORNEAU, individually; KELLY STRANGE, individually; AND Cristin Morneau and Kelly Strange, jointly as successors-in-interest to Carolyn A. Morneau and on behalf of the ESTATE OF CAROLYN A. MORNEAU,<br><br>                              Plaintiffs,<br><br>v.<br><br>PROTECTIVE LIFE INSURANCE COMPANY,<br><br>                              Defendant. | Case No.:  3:22-cv-01861-W-AHG<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

Pursuant to Rule 16.1(d) of the Local Rules, a Case Management Conference was held on **February 8, 2023**. ECF No. 23. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

1. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by **March 8, 2023**.

2. All fact discovery shall be completed by all parties by **June 30, 2023**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

3. The parties shall designate their respective experts in writing by **July 31, 2023**. Pursuant to Fed. R. Civ. P. 26(a)(2)(A), the parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **August 31, 2023**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the

expert charges for deposition and trial testimony.

4. By **July 31, 2023**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

5. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Federal Rules of Civil Procedure 26(a)(2)(D) and 26(e) by **August 31, 2023**.

6. All expert discovery shall be completed by all parties by **October 2, 2023**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

7. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

8. All other pretrial motions must be filed by **November 20, 2023**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

9. Pursuant to Civil Local Rule 7.1(f)(3)(c), if an opposing party fails to file opposition papers in the time and manner required by Civil Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other request for ruling by

the court.  Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1(e)(2) or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Civil Local Rule 7.1(f)(3)(c).  Should either party choose to file or oppose a motion for summary judgment or partial summary judgment, no Separate Statement of Disputed or Undisputed Facts is required.

10. A Mandatory Settlement Conference shall be conducted on **January 24, 2024** at **9:30 a.m.** in the chambers of **Magistrate Judge Allison H. Goddard**. Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **January 3, 2024**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court.  Counsel for the parties must meet and confer in person or by phone no later than **January 10, 2024**.  Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **January 17, 2024**.  The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed).  The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf).  Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **January 17, 2024**.  The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed).  Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules.  **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard**.

11. Despite the requirements of Civil Local Rule 16.1(f)(2), neither party is required to file a Memorandum of Contentions of Fact and Law at any time. The parties shall instead focus their efforts on drafting and submitting a proposed pretrial order by the time and date specified by Civil Local Rule 16.1(f)(6)(b). The proposed pretrial order shall comply with Civil Local Rule 16.1(f)(6) and the Standing Order in Civil Cases issued by the assigned district judge.

12. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **March 4, 2024**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

13. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **March 11, 2024**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

14. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **March 18, 2024**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

15. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **March 25, 2024**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

16. In addition to submitting the proposed final pretrial conference order, the parties are further ordered to separately submit informal letter briefs, not exceeding two single spaced pages, served on opposing counsel and received in the chambers of Judge Thomas J. Whelan, United States District Judge (and not filed with the Clerk's Office) by 2:30 p.m. on **March 25, 2024**. The letter brief should be a relatively informal and straightforward document. The letter brief should outline a short, concise and objective factual summary of the party's case in chief, the number of hours/days each party intends to expend at trial, the approximate number of witnesses, whether certain witnesses will be coming in from out of town, the number of testifying expert witnesses, whether any unique demonstrative exhibits may be presented, the number of proposed motions in limine that may be filed, precisely when the parties would be prepared to submit their in limine papers (and whether the parties have met and conferred with respect to in limine issues), the issue of proposed jury instructions and when the parties intend to submit them before trial, and voir dire issues, either party's preference as to what date(s) the trial should begin and any other pertinent information that either party may deem useful to assist the Court in the execution of the pretrial conference and in setting the matter for trial.

17. The final Pretrial Conference is scheduled on the calendar of the **Honorable Thomas J. Whelan** on **April 1, 2024** at **10:30 a.m.**

18. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

19. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

20. The dates and times set forth herein will not be modified except for good cause shown.

21. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents

and a table of authorities cited.

22. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: February 8, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge