UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIN MORNEAU, individually; KELLY STRANGE, individually; AND Cristin Morneau and Kelly Strange, jointly as successors-in-interest to Carolyn A. Morneau and on behalf of the ESTATE OF CAROLYN A. MORNEAU,<br><br>Plaintiffs,<br><br>v.<br><br>PROTECTIVE LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 3:22-cv-01861-W-AHG<br><br>**ORDER GRANTING JOINT MOTION TO EXTEND FACT DISCOVERY DEADLINES**<br><br>[ECF No. 35] |

Before the Court is the parties' joint motion to amend the scheduling order. ECF No. 35. The parties seek an order from the Court extending their deadline to raise a discovery dispute and extending the fact discovery deadline by approximately two weeks. *Id*.

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); ECF No. 30 at 7 (amended scheduling order, stating that "[t]he dates

set forth herein will not be modified except for good cause shown"); *see also* Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties have represented to the Court that they have been working diligently to abide by the Court's Second Amended Scheduling Order (ECF No. 30). ECF No. 35 at 4–5. Both sides propounded and responded to interrogatories, requests for production, and requests for admission, including multiple sets of each. *Id*. Multiple depositions have taken place, and others are scheduled for November 14, November 21, and November 29. *Id*. at 5. The parties also represent that they are in the midst of meeting and conferring regarding several discovery disputes, and seek a two-week extension of the deadline to raise those disputes with the Court to "save both judicial resources and time and expenses for the Parties[, since they] are working to resolve discovery disputes, and may be able to eliminate or substantially diminish remaining disputes should they be given more time." *Id*. at 6. The parties also seek a two-week extension of the fact discovery cutoff, noting that they are "rescheduling one deposition, and may need additional time beyond the current [] deadline." ECF No. 35-1 at 3–4.

The Court appreciates that the parties have been working together and have diligently pursued discovery. Thus, the Court finds good cause to **GRANT** the joint motion

as follows:

1. By **December 1, 2023**, if the parties reach an impasse after substantial meet and confer efforts, the parties may bring any discovery dispute to the Court's attention, in the manner described in ¶ 2 below, via email (at efile_goddard@casd.uscourts.gov) regarding Interrogatories Set One and Requests for Production Sets One and Two.

2. All fact discovery shall be completed by all parties by **December 15, 2023**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

3. All other dates and deadlines set forth in the Court's Second Amended Scheduling Order (ECF No. 30) **remain in place**. *See also* ECF No. 35 at 6 ("The Parties

do not anticipate that the limited extension requested will necessitate an extension of any other deadlines in the case, or any trial dates.").

4. Upon due consideration, the Mandatory Settlement Conference ("MSC") set for April 24, 2024 at 9:30 a.m. before the Honorable Allison H. Goddard will take place *via videoconference* instead of in person. The Court requires the attendance of all parties, party representatives, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation at the videoconference. In addition to the deadlines set forth in ¶ 10 of the Second Amended Scheduling Order, (ECF No. 30 at 5–6), each party must also email the Court (not filed) at efile_goddard@casd.uscourts.gov by **April 17, 2024** with the name, title, and email address of each participant. Prior to the start of the MSC, the Court will email each participant an invitation to join a Zoom video conference. All participants shall display the same level of professionalism during the MSC and be prepared to devote their full attention to the conference as if they were attending in person, i.e., cannot be driving or in a car while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the videoconference. Counsel are advised that although the MSC will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, i.e., all participants must dress in appropriate courtroom attire.

**IT IS SO ORDERED.**

Dated: November 14, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge