UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIN MORNEAU, individually; KELLY STRANGE, individually; AND Cristin Morneau and Kelly Strange, jointly as successors-in-interest to Carolyn A. Morneau and on behalf of the ESTATE OF CAROLYN A. MORNEAU,<br><br>Plaintiffs,<br><br>v.<br><br>PROTECTIVE LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 3:22-cv-01861-W-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO EXTEND SCHEDULING ORDER DEADLINES, and**<br><br>**(2) ISSUING THIRD AMENDED SCHEDULING ORDER**<br><br>**[ECF No. 42]** |

Before the Court is the parties' joint motion to amend the scheduling order. ECF No. 42. The parties seek an order from the Court extending deadlines set forth in the Court's Second Amended Scheduling Order by approximately 120 days. *Id*.

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); ECF No. 30 at 7 (Second Amended Scheduling Order, stating that

"[t]he dates set forth herein will not be modified except for good cause shown"); *see also* Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties represent to the Court that they have been working diligently to abide by the Court's Second Amended Scheduling Order (ECF No. 30). ECF No. 42 at 4. First, the parties explain that counsel for both sides will be in trial on the date of the Mandatory Settlement Conference. *Id*. Second, the parties represent that they have met and conferred in person regarding their motions for summary judgment, and have "agreed to explore settlement discussions" again, and "wish to avoid burdening the Court with cross-motions for summary judgment and incurring unnecessary expense if the parties can resolve this matter." ECF No. 42-1 at 3. Thus, the parties request a 120-day[1] extension of the pretrial motion deadline and a 90-day extension of the remaining dates in the Scheduling Order. ECF No. 42 at 5–6.

---

[1] Though the parties' joint motion repeatedly states that the parties request that the scheduling order deadlines "be continued 90 days," (ECF No. 42 at 3, 5), the actual dates selected by the parties reflect a 120-day extension. *See* ECF No. 42 at 5 (requesting that "[p]retrial [m]otions [be] continued from February 29, 2024 to June 27, 2024," which is 119 days).

As an initial matter, the parties' joint motion is deficient. First, the pretrial motion filing deadline is on February 29, 2024, (*see* ECF No. 30 at 4), but the instant motion to continue that pretrial motion filing deadline, among others, was filed on February 27, 2024. ECF No. 42. By filing the motion two days before the date of the affected deadline, the parties failed to comply with the Court's Chambers Rules. *See* Chmb.R. at 2 (requiring that "[a]ll requests for continuances must be made by a joint motion no less than seven calendar days before the affected date") (emphasis added).

Second, the parties' motion and declaration included misstatements regarding the prior requests for continuances. The parties represent to the Court that they "have jointly requested one prior amendment to the Scheduling Orders [sic]." ECF No. 42 at 4; *see also* ECF No. 42-1 at 4 (declaring that "[t]he Parties have submitted one prior request for continuance of the Scheduling Order to permit completion of discovery"). However, the parties have filed three other motions to amend the scheduling orders, requesting a 60-day extension, 90-day extension, and 14-day extension, respectively. ECF No. 26; ECF No. 29, ECF No. 35; *see also* ECF No. 31 at 1–2 (Court expressed concern regarding the parties' requests for significant extensions, requiring the parties to submit monthly status reports, noting: "the Court has granted approximately five months of extensions to the parties, which essentially doubled the parties' time to complete fact discovery.… The Court does not grant such large extensions often, and expresses concern that the parties' settlement negotiations may not have a firm time frame"). The instant motion, if granted, would leave the parties with over nine months of extensions; thus, the Court expresses its concern that the parties minimize this fact in their present motion.

Despite the joint motion's shortcomings, the Court appreciates that the parties have been working together. To facilitate the parties' meaningful settlement discussions, the Court finds good cause to **GRANT** the motion. ECF No. 42. The Court issues the following Third Amended Scheduling Order:

1. All other pretrial motions must be filed by **June 27, 2024**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will

hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard.  Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

2. Pursuant to Civil Local Rule 7.1(f)(3)(c), if an opposing party fails to file opposition papers in the time and manner required by Civil Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other request for ruling by the court.  Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1(e)(2) or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Civil Local Rule 7.1(f)(3)(c).  Should either party choose to file or oppose a motion for summary judgment or partial summary judgment, no Separate Statement of Disputed or Undisputed Facts is required.

3. Mandatory Settlement Conference shall be conducted on **August 23, 2024** at **9:30 a.m.** before **Magistrate Judge Allison H. Goddard** *via videoconference*. Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **August 2, 2024**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court.  Counsel for the parties must meet and confer in person, via videoconference, or by phone no later than **August 9, 2024**.  Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **August 15, 2024**.  The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed).  The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located at
https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlem

ent%20Conference%20Rules.pdf). Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **August 15, 2024**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules. The Court requires the attendance of all parties, party representatives with full settlement authority, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation at the videoconference. Each party must email the Court (not filed) at efile_goddard@casd.uscourts.gov by **August 15, 2024** with the name, title, and email address of each participant, and the cell phone number for their preferred point of contact. Prior to the start of the MSC, the Court will email each participant an invitation to join a Zoom video conference. All participants shall display the same level of professionalism during the MSC and be prepared to devote their full attention to the conference as if they were attending in person, i.e., cannot be driving or in a car while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the videoconference. Counsel are advised that although the MSC will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, i.e., all participants must dress in appropriate courtroom attire. **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard**.

4. Despite the requirements of Civil Local Rule 16.1(f)(2), neither party is required to file a Memorandum of Contentions of Fact and Law at any time. The parties shall instead focus their efforts on drafting and submitting a proposed pretrial order by the time and date specified by Civil Local Rule 16.1(f)(6)(b). The proposed pretrial order shall comply with Civil Local Rule 16.1(f)(6) and the Standing Order in Civil Cases issued by the assigned district judge.

5. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **October 7, 2024**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

6. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **October 14, 2024**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

7. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **October 21, 2024**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

8. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **October 28, 2024**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

9. In addition to submitting the proposed final pretrial conference order, the parties are further ordered to separately submit informal letter briefs, not exceeding two single spaced pages, served on opposing counsel and received in the chambers of Judge Thomas J. Whelan, United States District Judge (and not filed with the Clerk's Office) by 2:30 p.m. on **October 28, 2024**. The letter brief should be a relatively informal and straightforward document. The letter brief should outline a short, concise and objective factual summary of the party's case in chief, the number of hours/days each party intends

to expend at trial, the approximate number of witnesses, whether certain witnesses will be coming in from out of town, the number of testifying expert witnesses, whether any unique demonstrative exhibits may be presented, the number of proposed motions in limine that may be filed, precisely when the parties would be prepared to submit their in limine papers (and whether the parties have met and conferred with respect to in limine issues), the issue of proposed jury instructions and when the parties intend to submit them before trial, and voir dire issues, either party's preference as to what date(s) the trial should begin and any other pertinent information that either party may deem useful to assist the Court in the execution of the pretrial conference and in setting the matter for trial.

10. The final Pretrial Conference is scheduled on the calendar of the **Honorable Thomas J. Whelan** on <u>**November 4, 2024**</u> at <u>**10:30 a.m.**</u>

11. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

12. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

13. The dates and times set forth herein will not be modified except for good cause shown.

14. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

**IT IS SO ORDERED.**

Dated: February 28, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge