# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEIR MILAN, individually, and on behalf of the Class; CRISTIN MORNEAU and KELLY STRANGE, individually, and jointly as successors-in-interest to Carolyn A. Morneau, and on behalf of the Estate of Carolyn A. Morneau and the Class,<br><br>  Plaintiffs,<br><br>v.<br><br>PROTECTIVE LIFE INSURANCE COMPANY and WEST COAST LIFE INSURANCE COMPANY,<br><br>  Defendants. | Case No.: 3:22-cv-01861-AHG<br><br>**ORDER GRANTING JOINT MOTION TO EXTEND DEADLINE TO FILE MOTION FOR PRELIMINARY APPROVAL**<br><br>[ECF No. 67] |

Before the Court is the parties' joint motion to extend the deadline to file their motion for preliminary approval of class action settlement, which is presented due on December 9, 2024. ECF No. 67. The parties request that the deadline to file their motion for preliminary approval be extended by eight days. *Id.*

Parties seeking to continue deadlines must demonstrate good cause. FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"). Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties represent to the Court that they have been working diligently together and "are close to finalizing a long form class action settlement agreement." ECF No. 67 at 2. The parties explain that they "need additional time to … finaliz[e] details related to notice of the settlement and distribution of settlement funds. The Parties are working diligently on these items with an experienced and well-recognized class action administrator." *Id*. at 2–3. As such, the parties request that the deadline to file their motion for preliminary approval be extended by eight days, to December 17, 2024. *Id*.

The Court appreciates that the parties have been working together and finds good cause to **GRANT** the joint motion. As such, the Court orders as follows:

1. By **December 17, 2024**, the parties must file either (a) a Joint Motion for Preliminary Approval of Class Action Settlement, (b) Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, or (c) Plaintiff's Motion for Preliminary Approval of Class Action Settlement.

    A. The parties are not required to obtain a hearing date before filing the motion and should instead include the following language in the caption of the motion: "per Chambers, no oral argument unless separately ordered by the Court."

B.  Should the motion filed be (b) or (c)—unopposed but not joint, or Plaintiff's sole motion—Defendant must file a Notice on the docket no later than **December 18, 2024**, indicating whether it opposes the motion. The Court may set a briefing schedule and hearing at that time if necessary.

**IT IS SO ORDERED.**

Dated:  December 6, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge