Christopher R. Pitoun (SBN 290235)
christopherp@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
T: (213) 330-7150

*Attorneys for Absent Class Members
Janice Schmidt and Judy Vann-Eubanks*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEIR MILAN, Individually, and on behalf of the Class; CRISTIN MORNEAU and KELLY STRANGE, Individually, and Jointly as Successors-in-Interest to Carolyn A. Morneau, and on behalf of the Estate of Carolyn A. Morneau and the Class,<br><br>               Plaintiff,<br><br>v.<br><br>PROTECTIVE LIFE INSURANCE COMPANY, an Alabama corporation; and WEST COAST LIFE INSURANCE COMPANY, a Nebraska corporation,<br><br>               Defendants. | Case No. 3:22-cv-01861-AHG<br><br>**ABSENT CLASS MEMBERS' JANICE SCHMIDT AND JUDY VANN-EUBANKS' COUNSEL'S NOTICE OF MOTION AND MOTION IN SUPPORT OF AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**<br><br>**Magistrate:** Hon. Allison H. Goddard<br><br>**Date:**      October 24, 2025<br>**Time:**     2:00 p.m.<br>**Location:**  Courtroom 2C<br>               Edward J. Schwartz Courthouse<br>               221 West Broadway<br>               San Diego, CA 92101 |

PLEASE TAKE NOTICE that on October 24, 2025 at 2:00 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Allison H. Goddard, located in the Edward J. Schwartz Courthouse, 221 West Broadway, Courtroom 2C, San Diego, California 92101, during the Final Approval Hearing previously set by this Court, Counsel for Absent Class Members' Janice Schmidt and Judy Vann-Eubanks, ("*Schmidt* Counsel") will and hereby do move this Court for an order of the Court awarding *Schmidt* Counsel $3,466,572 in attorneys' fees and $77,401.74 in litigation expenses.

This Motion is based upon this Notice of Motion and Motion; the Memorandum of Points and Authorities filed herewith; the Declaration of Christopher R. Pitoun and any supporting exhibits filed therewith; the Declaration of Joseph M. Vanek and any supporting exhibits filed therewith; the Declaration of David S. Klevatt and any supporting exhibits filed therewith; the records, pleadings and papers filed in this action; and upon such other documentary and oral evidence as may be presented to the Court at or prior to the hearing of this Motion.

DATED: August 11, 2025                     HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Christopher R. Pitoun*
    Christopher R. Pitoun (SBN 290235)
*christopherp@hbsslaw.com*
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150

David S. Klevatt (*pro hac vice* to be filed)
*dklevatt@insurancelawyer.com*
KLEVATT & ASSOCIATES, LLC
77 W. Wacker Drive, Suite 4500
Chicago, IL 60601-1604
Telephone: (312) 782-9090

Joseph M. Vanek (*pro hac vice* to be filed)
*jvanek@sperlingkenny.com*
Mitch Macknin (*pro hac vice* to be filed)
*mhmacknin@sperlingkenny.com*
John P. Bjork (*pro hac vice* to be filed)
*jbjork@sperlingkenny.com*
SPERLING & SLATER, LLC
321 N. Clark Street, 25th Floor
Chicago, IL 60654
Telephone: (312) 641-3200

*Attorneys for Plaintiffs Janice Schmidt and Judy Vann-Eubanks*

## TABLE OF CONTENTS

|   |   |   | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | BACKGROUND | | 3 |
|   | A. | Complaints in *Allen* and *Schmidt* Are Separately Filed Against Protective Life | 3 |
|   | B. | *Schmidt* Counsel Moves Forward with Discovery and Class Certification | 3 |
|   | C. | Protective Life Moves to Stay Both *Schmidt* and *Allen* | 5 |
|   | D. | *Schmidt* Counsel Advises the *Schmidt* and *Allen* Court of the Preliminary Approval of Class Settlement Ordered in this Court | 5 |
| III. | ARGUMENT | | 6 |
|   | A. | *Schmidt* Counsel's Work in *Bentley* Laid the Foundation for the Class's Settlement Here | 6 |
|   | B. | The Substantial Risks and Complexity of the Litigation Support the Requested Award | 7 |
|   | C. | *Schmidt* Counsel's Fee Request Is Consistent with Class Counsel's Fee Request in *Allen* | 9 |
| IV. | CONCLUSION | | 10 |

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*In re Bluetooth Headset Prods. Liab. Litig.*,
  654 F.3d 935 (9th Cir. 2011) ........................................................................... 6

*Lytle v. Nutramax Lab'ys, Inc.*,
  114 F.4th 1011 (9th Cir. 2024) ........................................................................ 7

*In re Omnivision Techs., Inc.*,
  559 F. Supp. 2d 1036 (N.D. Cal. 2008) ........................................................... 8

*Perera v. Chiron Corp.*,
  1999 WL 35843512 (N.D. Cal. Oct. 6, 1999) .................................................. 9

*In re Rite Aid Corp. Secs. Litig.*,
  396 F.3d 294 (3d Cir. 2005) ............................................................................ 7

*Spears v. First Am. Eappraiseit*,
  2015 WL 1906126 (N.D. Cal. Apr. 27, 2015) ................................................. 7

*Vizcaino v. Microsoft Corp.*,
  290 F.3d 1043 (9th Cir. 2002) ..................................................................... 8, 9

*In re Volkswagen "Clean Diesel" Mktg., Sales*
  *Pracs., & Prods. Liab. Litig.*,
  2017 WL 1352859 (N.D. Cal. Apr. 12, 2017) ................................................. 9

### STATUTES & RULES

Cal. Ins. Code § 10113.71 ........................................................................ 1, 2, 5, 6, 9

Cal. Ins. Code § 10113.72 ........................................................................ 1, 2, 5, 6, 9

Fed. R. Civ. P. 23 ................................................................................................ 2, 4, 6

E.D. Cal. L.R. 160 ....................................................................................................... 5

# I. INTRODUCTION

Absent class members Janice Schmidt and Judy Vann-Eubanks are putative class representatives in the related matter of *Schmidt v. Standard Life Insurance Co., Protective Life Insurance Co.* ("*Schmidt*").[1] No. 21-cv-01784 (E.D. Cal.). Like this case, *Schmidt* involves claims that Defendant Protective Life Insurance Company ("Protective Life") failed to pay benefits on in-force life insurance policies and wrongfully terminated policies for non-payment of premiums without complying with California Insurance Code Sections 10113.71 and 10113.72 (the "Statutes").

Before filing their case in 2021, the *Schmidt* Plaintiffs engaged their own attorneys to litigate against Protective Life. ("*Schmidt* Counsel").[2] In 2023, *Schmidt* was related to *Allen v. Protective Life Insurance Company* ("*Allen*"). No. 20-cv-00530 (E.D. Cal.) at ECF No. 94; *Schmidt* ECF No. 58. *Allen* is now merged into this case and Class Counsel[3] represents the plaintiffs in both cases. Although pursuing nearly identical cases against the same defendant, *Schmidt* Counsel's efforts were pursued in tandem with Class Counsel's efforts in this case and in *Allen*. Nonetheless, *Schmidt* Counsel's work, like the work performed in *Allen,* materially contributed to a common legal campaign that increased the risk to Protective Life if it continued litigating these cases. The Settlement now being considered by this Court is the result. *Schmidt* Counsel therefore seeks an order awarding from the common fund (1) their pro rata share of the requested attorney fees in the amount of $3,466,572 and (2) actual costs of $77,401.74 for reimbursement of reasonably incurred litigation expenses.

---

[1] Ms. Schmidt and Ms. Vann-Eubanks shall be collectively referred to as the "*Schmidt* Plaintiffs."

[2] *Schmidt* Counsel includes the law firms of Hagens Berman Sobol Shapiro LLP, Sperling Kenny Nachwalter, LLC, and Klevatt & Associates LLC.

[3] Class Counsel refers to the law firms of Nicholas & Tomasevic, LLP; Winters & Associates, and Singleton Schreiber, LLP. ECF No. 73 at 29.

*Schmidt* Counsel's effort contributed to the Settlement in three ways. **First**, in its Order Granting Preliminary Approval, this Court cited *Bentley v. United of Omaha Life Insurance Co.* as an example of another court in the Ninth Circuit finding class certification of nearly identical claims as appropriate. ECF No. 73 at 11. *Schmidt* Counsel was class counsel in *Bentley v. United of Omaha Life Insurance Co. See generally* 2018 WL 3357458, at *12 (C.D. Cal. May 1, 2018); Declaration of Christopher R. Pitoun ("Pitoun Dec.") ¶ 3. *Bentley* was the first class case involving the Statutes to be successfully certified pursuant to Rule 23(b)(3). *Id. Bentley* formed the blueprint for *Schmidt* Counsel's efficient strategy against Protective Life. *See infra* Sec. III.A. **Second**, *Schmidt* Counsel engaged in written discovery, took and defended numerous depositions, and fully briefed class certification on behalf of a putative class of life insurance beneficiaries in a related action against Protective Life. *Schmidt* Counsel engaged in this work despite substantial risk in an evolving legal landscape. *See infra* Sec. III.B. **Third**, *Schmidt* Counsel's request for fees and costs is consistent with Class Counsel's fee request in its Motion for Preliminary Approval. Here, Class Counsel seeks fees and costs for their work in the *Allen* matter—a class action which was not originally before this Court but involved the same defendant. By the same rationale, *Schmidt* Counsel should receive costs and fees for their work in the related *Schmidt action* which involves the same issues and legal theories as *Allen. See infra* Sec. III.C.

To be clear, the *Schmidt* Plaintiffs do not object to the Settlement. Considering the challenges posed by the Ninth Circuit's recent ruling in *Small v. Allianz*, *Schmidt* Counsel recognizes that the Settlement provides the Settlement Class with the best opportunity to receive compensation that is fair, reasonable, and adequate. To that end, any fees and costs which this Court chooses to award to *Schmidt* Counsel should be part of the 25% Class Counsel has requested in fees.

## II.   BACKGROUND

### A.   Complaints in *Allen* and *Schmidt* Are Separately Filed Against Protective Life.

On April 13, 2020, Class Counsel filed Plaintiff Allen's class action complaint in the Eastern District of California. *Allen* ECF No. 1. The *Allen* complaint sought to certify a class of both living policyowners seeking reinstatement of wrongfully terminated life insurance policies and beneficiaries seeking death benefits on wrongfully terminated policies. *Id.*

On December 17, 2021, *Schmidt* Counsel separately filed Plaintiff Schmidt's initial complaint also in the Eastern District of California. *Schmidt* ECF No. 1. While the *Allen* complaint sought to certify a class of both living policyowners *and* beneficiaries, the *Schmidt* complaint sought to certify a class exclusively of beneficiaries initially bringing claims for breach of contract and breach of the covenant of good faith and fair dealing. *Id.*

On January 7 and 10, 2022 respectively, both the *Allen* and the *Schmidt* cases were assigned to Judge Jennifer L. Thurston of the Eastern District of California. *Allen* ECF No. 64; *see also Schmidt* ECF No. 5.

### B.   *Schmidt* Counsel Moves Forward with Discovery and Class Certification.

On May 3, 2022, *Schmidt* Plaintiffs propounded their First Sets of Requests for Production of Documents and Special Interrogatories. Declaration of David S. Klevatt ("Klevatt Dec.") ¶ 3; Pitoun Dec. ¶ 11. On September 30, 2022, the *Schmidt* Plaintiffs filed a First Amended Complaint which added Plaintiff Vann-Eubanks. *Schmidt* ECF No. 40; Pitoun Dec. ¶ 5. On October 28, 2022, the parties in *Schmidt* submitted agreed-upon ESI and Confidentiality Orders. *Schmidt* ECF Nos. 45-46.

Over the next several months, *Schmidt* Plaintiffs engaged in extensive discovery providing written responses to Protective Life's Requests for Production of Documents, Requests for Admission, and Special Interrogatories. Klevatt Dec. ¶¶

2, 4. Protective Life produced 7,856 pages of documents in response to *Schmidt* Plaintiffs' Requests. Klevatt Dec. ¶ 5. *Schmidt* Counsel also defended the in-person depositions of Plaintiff Vann-Eubanks. Klevatt Dec. ¶ 2.

*Schmidt* Counsel took the depositions of Protective Life's two Rule 30(b)(6) designees. Klevatt Dec. ¶ 2. *Schmidt* Counsel also reviewed 100 sample insurance files separately produced by Protective Life. Klevatt Dec. ¶¶ 2, 6. These 100 sample files totaled 14,923 pages and included life insurance policies, addendums, and all recorded communications between policyowners and Protective Life. Klevatt Dec. ¶ 6; Pitoun Dec. ¶ 5. *Schmidt* Counsel also engaged Kent Barrett—an insurance industry expert to further review the files and identify a methodology for how damages could be calculated on a classwide basis. Klevatt Dec. ¶ 7.

On July 3, 2023, *Schmidt* Plaintiffs filed a Notice of Related Case identifying *Allen* as a related case. *Schmidt* ECF No. 57. Finding that the actions "involved overlapping parties, properties, claims, events and/or questions of fact or law," on July 12, 2023, Judge Thurston ordered *Allen* related to *Schmidt*. *Allen* ECF No. 94; *Schmidt* ECF No. 58. Judge Thurston also reassigned *Schmidt* to Magistrate Judge Christopher D. Baker. *Schmidt* ECF No. 58. As a result, both *Schmidt* and *Allen* were pending before the same Article III and magistrate judges. *Id.*; *see also Allen* ECF No. 84.

On August 14, 2023, Plaintiff Vann-Eubanks filed her motion for class certification. *Schmidt* ECF No. 63. Plaintiff Vann-Eubanks's motion sought certification of a Rule 23(b)(3) class of beneficiaries on a single claim for breach of contract. *Schmidt* ECF No. 63-1 at 8. Mr. Barrett drafted a report submitted in support of *Schmidt* Plaintiffs' motion of class certification that provided the court with a methodology for how damages could be calculated on a class wide basis. *Schmidt* ECF No. 63-16. On September 18, 2023, Protective Life opposed

certification. *Schmidt* ECF No. 78. On October 12, 2023, Plaintiff Vann-Eubanks filed her reply. *Schmidt* ECF No. 80.[4]

### C. Protective Life Moves to Stay Both *Schmidt* and *Allen*.

On October 16 and 20, 2023 respectively, Protective Life filed motions to stay the *Allen* and *Schmidt* cases pending the outcome of several appeals involving the Statutes. *Allen* ECF No. 102; *Schmidt* ECF No. 83. Both *Allen* and *Schmidt* Plaintiffs separately opposed the stay motions aiming to drive the class claims forward without delay. *Allen* ECF No. 104; *Schmidt* ECF No. 86. On December 12, 2023, Judge Baker stayed both cases. *Allen* ECF No. 110; *Schmidt* ECF No. 92. Both *Schmidt* and *Allen* have been stayed ever since.

### D. *Schmidt* Counsel Advises the *Schmidt* and *Allen* Court of the Preliminary Approval of Class Settlement Ordered in this Court.

On July 28, 2025, *Schmidt* Counsel filed a Notice of Preliminary Approval of Class Settlement in Related Case *Allen v. Protective Life*. *Schmidt* ECF No. 99. The notice informed Judges Thurston and Baker of this Court's preliminary approval of the Settlement. *Id. Schmidt* Counsel had only learned of the Settlement days earlier. Pitoun Dec. ¶ 29. Through the filing of the First Amended Class Action Complaint ("FAC"), *Morneau* Plaintiffs had merged *Allen* into the *Morneau* case. ECF No. 73 at 3 (citing ECF Nos. 60, 63, 64). As a result, final approval of the Settlement now being considered by this Court will not only resolve this case and *Allen*, but *Schmidt* as well. Because *Schmidt* Counsel's evaluation of the Settlement was that it could resolve the claims pending in both *Schmidt* and *Allen*, *Schmidt* Counsel was required to provide Judge Thurston with notice of this Court's order pursuant to Eastern District of California Local Rule 160. Pitoun Dec. ¶ 29.

---

[4] *Allen* Plaintiffs filed their motion for class certification on June 20, 2023. *Allen* ECF No. 92. Class certification briefing was completed in *Allen* on October 11, 2023. *Allen* ECF No. 101.

## III. ARGUMENT

Rule 23 permits a court to award "reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "[C]ourts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011).[5]

### A. *Schmidt* Counsel's Work in *Bentley* Laid the Foundation for the Class's Settlement Here.

This Court's Order Granting Preliminary Approval recognizes that the holding in *Bentley* recommends approval of the Settlement here. ECF No. 73 at 11. *Schmidt* Counsel was class counsel in *Bentley* and *Bentley* was the first class case involving the Statutes to be successfully certified pursuant to Rule 23(b)(3). *See generally* 2018 WL 3357458, at *12; Pitoun Dec. ¶ 3.

*Schmidt* Counsel's strategy against Protective Life was guided by their experience from *Bentley*. For example, *Schmidt* Counsel was already well educated on identifying what discovery would be needed to locate the evidence necessary to satisfy Rule 23's requirements. As demonstrated by the time charts in *Schmidt* Counsel's declarations, this prior experience allowed *Schmidt* Counsel to conduct discovery and litigate in an extremely efficient manner. Klevatt Dec. ¶ 9, Ex. A; Pitoun Dec. ¶¶ 32, 37, Ex. A; Declaration of Joseph Vanek Dec. ("Vanek Dec.") ¶ 4, Ex. A;

In addition, *Schmidt* Counsel recognized that providing the court with a comparatively comprehensive Rule 23(b)(3) analysis was essential to achieving class certification. As a result, *Schmidt* Counsel provided the court with a rigorous eight-page analysis describing why Rule 23(b)(3)'s requirements were satisfied. *Schmidt* ECF No. 63-1 at 17-24. Moreover, *Schmidt* Counsel was the only counsel

---

[5] Internal citations and quotations omitted and emphasis added throughout, unless otherwise indicated.

to enlist an expert to provide a damage model at class certification which demonstrated that damages could be calculated on classwide basis. *Schmidt* ECF No. 63-16. This extra step provided strong evidence that common issues predominated, and a class action was superior to numerous individual actions. *See Lytle v. Nutramax Lab'ys, Inc.*, 114 F.4th 1011, 1024 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 1308 (2025) (holding that class action plaintiffs may rely on an unexecuted damages model to demonstrate that damages are susceptible to common proof so long as the district court finds that the model was reliable.).

"The prosecution and management of a complex national class action requires unique legal skills and abilities." *Spears v. First Am. Eappraiseit*, 2015 WL 1906126, at *2 (N.D. Cal. Apr. 27, 2015) (quoting *Edmonds v. U.S.*, 658 F. Supp. 1126, 1137 (D.S.C. 1987). The reputation, experience, and skill of *Schmidt* Counsel were essential to the success of this litigation. *See In re Rite Aid Corp. Secs. Litig.*, 396 F.3d 294, 304 (3d Cir. 2005). *Schmidt* Counsel are among the most experienced and skilled practitioners in national class actions and have a long and successful track record in such cases, including in life insurance class actions. *Schmidt* Counsel well understands the procedural and substantive complexities (including technical) of the case. From the outset, *Schmidt* Counsel engaged in a concerted effort to obtain the maximum recovery. *Schmidt* Counsel's investigation and skillful work enabled them to plead detailed allegations, put together an extraordinarily rigorous class certification briefing, and added substantial pressure on Protective Life to resolve these cases.

**B.   The Substantial Risks and Complexity of the Litigation Support the Requested Award.**

There have been many class actions in which plaintiffs' counsel took on the risk of pursuing claims on a contingency basis, expended thousands of hours, yet received no remuneration whatsoever despite their diligence and expertise. Nonetheless, *Schmidt* Counsel spent 2090.6 hours propounding and responding to

-7-

MOTION ISO AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES
Case No. 3:22-cv-01861-AHG

011069-11/3261879 V1

written discovery, taking and defending depositions, engaging an expert and fully briefing class certification. Pitoun Dec. ¶¶ 37-38. *Schmidt* Counsel expended more than $1.7 million in lodestar and over $77,401.74 in expenses in the case. Klevatt Dec. ¶¶ 8-11, Exs. A-B; Pitoun Dec. ¶ 40, Exs. A-B; Vanek Dec. ¶¶ 3-6, Exs. A-B. While significant, *Schmidt* Counsel's requested fee of $3,466,572 is just 17.3% of the requested $20,000,000 attorneys' fees and 4.3% of the $80,000,000 common fund.

In addition to this significant investment of time and money, lawyers working on the case have forgone the business opportunity to devote time to other cases. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002). Any fee award has always been at risk and completely contingent on the result achieved and on this Court's discretion in awarding fees and expenses. The percentage fee and expense award requested by *Schmidt* Counsel is reasonable considering the contingent nature of the fee and the financial burden carried by counsel.

"The risk that further litigation might result in Plaintiffs not recovering at all, particularly a case involving complicated legal issues, is a significant factor in the award of fees." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046-47 (N.D. Cal. 2008). Although *Schmidt* Plaintiffs believe that their claims have merit, *Schmidt* Counsel acknowledges the significant risks and expense necessary to prosecute the *Schmidt* Plaintiffs' claims through trial and subsequent appeals, as well as the inherent difficulties and delays complex litigation like this entails. Indeed, this Court has already recognized that "Ninth Circuit's recent resolution of the causation question [in *Small v. Allianz*] coupled with the absence of controlling California Supreme Court authority on that issue counsel in favor of finding that settlement of this action is in both sides' best interest." ECF No. 73 at 15. This Court has further acknowledged that by settling, "[n]or will the parties have to contend with the

-8-
MOTION ISO AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES
Case No. 3:22-cv-01861-AHG
011069-11/3261879 V1

uncertainty of a changing legal landscape on the causation issue should the California Supreme Court rule differently." *Id.*

C. ***Schmidt* Counsel's Fee Request Is Consistent with Class Counsel's Fee Request in *Allen*.**

"[A]n attorney whose actions have conferred a benefit upon a given group or class of litigants may file a claim for reasonable compensation for his efforts." *Perera v. Chiron Corp.*, 1999 WL 35843512, at *2 (N.D. Cal. Oct. 6, 1999) (quoting *Detroit v. Grinnell Corp.*, 560 F.2d 1093, 1098 (2d Cir. 1977)). As discussed above, *Schmidt* and *Allen* were related and proceeded in near tandem in front of the same judge for almost two years. Indeed, both cases saw class certification fully briefed and were stayed on the exact same day. Class Counsel has made a persuasive argument that the time and work they invested in the *Allen* matter has had a substantial impact in bringing about this Settlement. ECF Nos. 72-2 at 10-12, 70-4 at 9. The same arguments hold true here: *Schmidt* Counsel presented Protective Life with another front on which it had to fight potential class claims involving the Statutes. Protective Life made its decision to settle fully aware of the arguments raised in *Schmidt* in addition to *Allen*. *Schmidt* Counsel seeks reasonable compensation for the benefit conferred upon the Class.

*Schmidt* Counsel's request for a pro rata share of the requested attorney fees in the amount of $3,466,572 is reasonable. This means that *all* counsel would receive a multiplier of 2.03. This is at the median end of the range of multipliers that courts regularly approve as fair and reasonable. *See, e.g.*, *Vizcaino*, 290 F.3d at 1051-52 (affirming fee award where the lodestar multiplier was 3.65 and including table of common multipliers); *see also In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2017 WL 1352859, at *3 (N.D. Cal. Apr. 12, 2017) (noting court's earlier approval of 2.63 multiplier and other courts hold that multipliers in the 3-4 range are "common.").

## IV. CONCLUSION

With no assurance of success, *Schmidt* Counsel pursued this litigation and materially contributed to a Settlement valued at more than $80 million—without certain non-monetary benefits included in the Settlement. In part, the Settlement reflects *Schmidt* Counsel's efforts in the face of significant risk. Accordingly, *Schmidt* Counsel respectfully submits that the Court should approve the fee application and award *Schmidt* Counsel $3,466,572 in attorneys' fees and $77,401.74 in litigation expenses. A proposed order is submitted herewith.

DATED: August 11, 2025          HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Christopher R. Pitoun*
    Christopher R. Pitoun (SBN 290235)
*christopherp@hbsslaw.com*
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150

David S. Klevatt (*pro hac vice* to be filed)
*dklevatt@insurancelawyer.com*
KLEVATT & ASSOCIATES, LLC
77 W. Wacker Drive, Suite 4500
Chicago, IL 60601-1604
Telephone: (312) 782-9090

Joseph M. Vanek (*pro hac vice* to be filed)
*jvanek@sperlingkenny.com*
Mitch Macknin (*pro hac vice* to be filed)
*mhmacknin@sperlingkenny.com*
John P. Bjork (*pro hac vice* to be filed)
*jbjork@sperlingkenny.com*
SPERLING & SLATER, LLC
321 N. Clark Street, 25th Floor
Chicago, IL 60654

Telephone: (312) 641-3200

*Attorneys for Plaintiffs Janice Schmidt and Judy Vann-Eubanks*