Christopher R. Pitoun (SBN 290235)
christopherp@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
T: (213) 330-7150

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEIR MILAN, Individually, and on behalf of the Class; CRISTIN MORNEAU and KELLY STRANGE, Individually, and Jointly as Successors-in-Interest to Carolyn A. Morneau, and on behalf of the Estate of Carolyn A. Morneau and the Class,<br><br>      Plaintiff,<br><br>v.<br><br>PROTECTIVE LIFE INSURANCE COMPANY, an Alabama corporation; and WEST COAST LIFE INSURANCE COMPANY, a Nebraska corporation,<br><br>      Defendants. | Case No. 3:22-cv-01861-AHG<br><br>**DECLARATION OF CHRISTOPHER R. PITOUN IN SUPPORT OF ABSENT CLASS MEMBERS' JANICE SCHMIDT AND JUDY VANN-EUBANKS' COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES FROM THE PROTECTIVE LIFE SETTLEMENT**<br><br>**Magistrate:** Hon. Allison H. Goddard<br><br>**Date:**  October 24, 2025<br>**Time:**  2:00 p.m.<br>**Location:** Courtroom 2C<br>     Edward J. Schwartz<br>     Courthouse<br>     221 West Broadway<br>     San Diego, CA 92101 |

I, Christopher Pitoun, hereby declare as follows:

1. I am a member of the bar of the State of California and a member of the United States District Court for the Southern District of California. I am a partner in the law firm of Hagens Berman Sobol Shapiro LLP ("HBSS"), located in the Los Angeles office. Along with my co-counsel, Sperling Kenny Nachwalter, LLC and Klevatt & Associates, LLC[1], we are counsel for the putative class in *Schmidt, et. al v. Standard Life Insurance Co, Protective Life Insurance Co. et. al*, 21-cv-01784 (E.D. Cal.). ("*Schmidt*"). On July 12, 2023, the *Schmidt* case was ordered related to *Allen v. Protective Life Insurance Company, et al.*, 1:20-cv-00530-JLT-CDB ("*Allen*") by Judge Jennifer Thurston. *Schmidt* ECF No. 58. *Allen* is now part of this case.

2. I provide this declaration in support of *Schmidt* Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses and to describe the work performed by *Schmidt* Counsel in a related action against Protective Life and how it contributed to the Settlement in this case and to describe the time and expense invested by *Schmidt* Counsel in performing this work.

3. *Schmidt* Counsel is the same team that achieved the first life insurance lapse Damages Relief class action settlement in *Bentley* v. *United of Omaha Life Ins. Co.,* 2018 16 WL 3357458, at *8 (C.D. Cal. May 1, 2018) as referenced in the Court's Order Granting Motion for Preliminary Approval of Class Action Settlement. ECF No. 70 at 11.

4. Below, I set forth a summary of the work performed, and time and expense invested by *Schmidt* Counsel in the aggregate. I also set forth the work performed specifically by Hagens Berman. Separate declarations by each counsel firm are also submitted herewith.

---

[1] Hagens Berman Sobol Shapiro LLP, Sperling Kenny Nachwalter, LLC and Klevatt & Associates, LLC shall be referred to as "*Schmidt* Counsel."

-1-
DECL. OF C. PITOUN ISO MOTION FOR ATTORNEYS FEES
Case No. 3:22-cv-01861-AHG

## I. WORK PERFORMED IN THE RELATED CASE BY *SCHMIDT* COUNSEL

5. This action is a substantial endeavor, requiring counsel to address multiple intertwined legal issues spanning several areas of law, along with specific insurance company regulatory and compliance issues and a detailed review of over 15,000 pages of individual life insurance files over nearly four years. *Schmidt* Counsel have been challenged by skilled lawyers representing a well-resourced defendant. As in the related *Allen* case, Protective Life challenged the proposed class representative (Janice Schmidt). *Schmidt* Counsel was able to locate a willing additional class representative (Judy Vann-Eubanks) and filed an Amended Complaint to include her and to further define the Damages Relief class (also referred to as the "Death Class."). *Schmidt* ECF No. 40. On August 14, 2023, *Schmidt* Counsel gathered the documentary, deposition, and expert evidence to prepare for and file a Motion for Class Certification pending well before the *Morneau* settlement. *Schmidt* ECF No. 63. The substantial investment of time and expense by *Schmidt* Counsel in this related case is a testament to the unique challenges presented by the case.

### A. Case Investigation, Complaints, and Motion to Dismiss

6. On December 17, 2021, *Schmidt* Counsel filed the first complaint in this matter. *Schmidt* ECF No. 1.

7. Following the successful approach that counsel used in *Bentley,* the complaint alleged that Protective Life and Standard Life breached their contracts with Plaintiff Schmidt and other similarly situated plaintiffs by failing to pay death benefits under life insurance policies that were ineffectively lapsed under the Statutes. Unlike some similar life insurance lapse cases (including the related *Allen* case[2]), this case sought a separate and distinct Damages Relief class:

---

[2] The *Allen* case was filed on April 13, 2020 and sought a combined reinstatement and damages class: "All past, present, and future owners or beneficiaries of Protective's individual life insurance policies in force on or after January 1, 2013

> All beneficiaries who made a claim, or would have been eligible to make a claim, for the payment of benefits on life insurance policies issued or delivered in the State of California that were in force on or after January 1, 2013 or were renewed on or after January 1, 2013, and were lapsed or were terminated by Defendants for the non-payment of premium after January 1, 2013, and as to which policies the notice or notices as described by Sections 10113.72(a) or (b) of the California Insurance Code (the Designation Notice Requirement") were not sent by Defendants prior to lapse or termination. (hereinafter the "Class")

8. On September 28, 2022, after a challenge by Protective Life to adequacy of class representative, *Schmidt* Counsel filed an amended class action complaint ("FAC") which, included Plaintiff Vann-Eubanks as an additional class representative.[3] The FAC further refined the Damages Relief class:

> All beneficiaries who made a claim, or would have been eligible to make a claim, for the payment of benefits on life insurance policies issued or delivered in the State of California that were in force on or after January 1, 2013 or were renewed on or after January 1, 2013, and were lapsed or were terminated by Defendants for the non-payment of premium after January 1, 2013, and as to which policies the notice or notices as described by Sections 10113.72(a) or (b) of the California Insurance Code (the Designation Notice Requirement") were not sent by Defendants prior to lapse or termination.

9. Protective Life and Standard Insurance answered the FAC and asserted 48 affirmative defenses. *Schmidt* ECF Nos. 43 and 44.

---

and governed by Sections 10113.71 and/or 10113.72, where the policies underwent or will undergo lapse, termination, and/or reinstatement without Protective first providing written notice of and an actual 60-day grace period, a 30-day notice of pending lapse and termination, and/or an annual notice of a right to designate at least one other person to receive notice of lapse or termination of a policy for nonpayment of premium." *Allen* ECF No. 1.

[3] *Schmidt* ECF No. 40.

## B. Written Fact Discovery

10. *Schmidt* Counsel then proceeded with negotiations over ESI protocols, a proposed protective order, discovery limits, and other agreements to facilitate discovery which was approved by the Court on October 31, 2022. *Schmidt* ECF No. 47.

11. In May of 2022, Plaintiff Schmidt served her First Requests for Production of Documents ("RFPs") and First Set of Interrogatories on Protective Life and Standard Insurance. On January 5, 2023, Defendants also served Ms. Schmidt with twenty-six Requests to Produce Documents, six Requests for Admissions, and twenty Interrogatories.

12. On March 3, 2023, *Schmidt* Plaintiffs served pre-certification discovery on Protective Life and Standard Insurance which included, *inter alia*, requests to produce documents sufficient to show the identities and contact information of members of the proposed class and identities of the policyholders of policies within the proposed class, correspondence with the policyholders, and copies of the underlying policies.

13. While the parties negotiated over RFPs and interrogatories, *Schmidt* Counsel simultaneously engaged in hard-fought negotiations over a production of the a "random sample" of the nearly 1,500 life insurance policies identified by Defendants a potentially part of the Class, over ESI search terms and protocols, exchanging search terms and strings with the Defendants, which involved multiple written and telephonic meet and confer communications.

## C. Third Party Discovery

14. Defendants' counsel served subpoenas on non-parties pertinent to the case, such as co-beneficiaries of the Class Representatives, banks and corporations. As is common with any third-party discovery, obtaining production required multiple meet and confers.

011069-11/3261875 V1

### D. Document Review and Analysis

15. On April 26, 2022, the Court bifurcated discovery in this matter between pre-certification discovery and merits discovery. *Schmidt* ECF No. 51.

16. Ultimately, the Defendants produced over 15,000 pages of documents concerning the agreed to Random Sample of 100 life insurance policy files and exemplars of the terms and conditions of the many different types of life insurance policies at issue in the Class. On December 9, 2022, Defendant produced a revised list of approximately 1,322 policies that Defendant represents fit the criteria of *Schmidt* Plaintiff's proposed class ("Class List").

17. To analyze these productions, counsel divided into teams. The primary teams were (1) analysis and summary of the 100 Random Sample life insurance policy files; (2) analysis and summary of the policy exemplars; (3) damages calculations. The team approach minimized duplication of effort and development of specialized knowledge.

18. Each subject-matter team was tasked with performing the searches necessary to identify pertinent documents, and then to create hot documents memos and white papers to serve as the backbone for deponent and exhibit selection. Teams began circulating their results internally in June 2023.

19. The subject-matter teams did not work in isolation. *Schmidt* Counsel held telephonic meetings, generally once every week for a half-hour to an hour, to discuss finding and adjust approach. These weekly calls also allowed the subject-matter teams to routinely touch base with each other to avoid duplicating work.

### E. Case Related to *Allen*

On July 12, 2023, Judge Thurston ordered *Allen* related to *Schmidt*. *Allen* ECF No. 94; *Schmidt* ECF No. 58. Judge Thurston also reassigned *Schmidt* to Magistrate Judge Christopher D. Baker. *Schmidt* ECF No. 58. As a result, both *Schmidt* and

011069-11/3261875 V1

*Allen* were pending before the same Article III and magistrate judges. *Id.*; *see also Allen* ECF No. 84.

**F.   Depositions of Fact Witnesses**

20.   Using the output of the subject-matter teams, *Schmidt* Counsel selected two Rule 30(b)(6) deponents. *Schmidt* Counsel conducted these depositions on June 20, 2023. The subject-matter teams' input was essential to these depositions.

21.   Following each deposition, the deposing lawyer circulated a summary by email and delivered a summary at the next weekly call among counsel.

22.   In addition, the Defendants took the deposition of Plaintiff Vann-Eubanks in Seattle, Washington on June 28, 2023, and one attorney—David Klevatt—traveled to Washington and defended the deposition.

**G.   Experts**

23.   *Schmidt* Counsel retained expert Kent Barrett to offer opinions through written reports and live testimony at trial. Mr. Barrett is an insurance industry expert who identified a methodology for how damages could be calculated on a classwide basis.

**H.   Class Certification**

24.   The *Schmidt* Plaintiffs filed their motion for class certification on August 14, 2023 and accompanying motions to seal the agreed to confidential information contained in the expert report on damages and accompanying exhibits. *Schmidt* ECF No. 63. On September 18, 2023, the Defendants filed its opposition and raised all manner of arguments opposing class certification. *Schmidt* ECF No. 78. On October 12, 2023, Plaintiffs completed the briefing on class certification by filing their reply. *Schmidt* ECF No. 80.

**I.   Stay and Settlement**

25.   On December 12, 2023, the Court stayed both the *Schmidt* and related *Allen* cases, requesting periodic joint reports on the status of other pending Ninth

-6-
DECL. OF C. PITOUN ISO MOTION FOR ATTORNEYS FEES
Case No. 3:22-cv-01861-AHG
011069-11/3261875 V1

Circuit court of Appeals cases concerning the life insurance lapse Statutes. *Schmidt* ECF No. 92.

26. On November 26, 2024, Plaintiffs Morneau and Milan filed their First Amended Class Complaint ("Amended Complaint") asserting claims individually and on behalf of the putative class. ECF No. 64.

27. On December 6, 2024, Defendants filed an Answer to the Amended Complaint denying liability and denying that Plaintiffs Morneau and Milan, and the putative class have been injured or damaged in any way. ECF No. 66.

28. On March 26, 2025, the *Schmidt* Parties submitted a joint status report. *Schmidt* ECF No. 95. On June 25, 2025, the *Schmidt* Parties submitted another joint status report. *Schmidt* ECF No. 97.

29. On July 28, 2025, *Schmidt* Counsel filed a report the court, as required by local rules, advising the court that it just recently became aware of the Morneau settlement and the settlement of the related *Allen* case. *Schmidt* ECF No. 99.[4]

## II. WORK SPECIFIC TO HAGENS BERMAN

30. Over the course of this litigation, Hagens Berman was involved in the following for the *Schmidt* case:

- *Complaint*: Hagens Berman undertook analysis of the initial complaint and the first amended class action complaint with a focus on class wide allegations.
- Discovery: Hagens Berman attorneys were responsible for assisting in various offensive and defensive discovery efforts. These efforts included:
  - Assisting with protective orders, ESI agreements, and other agreements with the Defendants concerning discovery issues;
  - Negotiating with defense counsel, through many meet and confer conferences and follow up correspondence.

---

[4] While Protective Life and Morneau advised the Court of a settlement in October 2024 (*Morneau* ECF No. 54), there was no notice of this settlement in the related *Allen* case, nor did Protective Life advise the *Schmidt* court of any such settlement in any of the prior joint status reports.

- o Review and analysis of Defendant's documents to prepare for depositions;

- *Expert Witness:* Hagens Berman attorneys assisted with the coordination and factual support for the Plaintiff's expert witness for the Motions for Class Certification;

- *Class Certification:* Hagens Berman attorneys were heavily involved with the drafting and coordinated the briefing on class certification with a specific focus on life insurance specific issues and factual support.

31. From inception through August 11, 2025, Hagens Berman timekeepers expended a total of 403.2 hours on this litigation. Hagens Berman's total lodestar at current billing rates is $293,600.

32. Attached as **Exhibit A** is a chart of the names, titles, billing rates, and cumulative hours and lodestars for the attorneys and professional support staff from Hagens Berman who contributed to this litigation. If requested, I will submit *in camera* a complete set of Hagens Berman's detailed time reports for this matter. Exhibit A and the detailed time report are based on contemporaneously prepared time records maintained by Hagens Berman. The hourly rates provided for by Hagens Berman's attorneys and professional support staff are the same as the usual and customary hourly rates charged for their services on a contingent basis in similar complex class action litigation and have been approved by courts in comparable cases.[5]

33. From November 14, 2021 through August 11, 2025, HBSS incurred litigation expenses totaling $28,410.29.

34. Attached as **Exhibit B** is a chart of the total unreimbursed litigation expenses by category that Hagens Berman incurred in the prosecution of this action. If requested, I will also submit *in camera* an itemized expense report with details on

---

[5] *See, e.g., Bentley* v. *United of Omaha Life Ins. Co.,* 2018 16 WL 3357458, at *8 (C.D. Cal. May 1, 2018); *DOD Technologies Inc. v. Mesirow Insurance Services, Inc.*, 2008 CH 40734 (Circuit Court of Cook County, Illinois, Final Order August 4, 2011).

each individual expense. Exhibit B and the itemized expense report were prepared from Hagens Berman's books and records and the supporting expense vouchers, receipts, invoices, check and bank records, and other source materials and represent a complete and accurate recordation of the expenses Hagens Berman incurred in the prosecution of the litigation since November 14, 2021.

## III.  *SCHMIDT* COUNSEL'S COMBINED LODESTAR AND EXPENSES

### A.  *Schmidt* Counsel's Diligent Efforts and Substantial Out-of-Pocket Expenses

35.  This complicated and challenging case has been litigated for nearly four years. *Schmidt* Counsel assumed the representation of the Damages Relief class on a purely contingent basis, have advanced all expenses, and have borne all the risk that Defendants will prevail.

36.  *Schmidt* Counsel comprise well-regarded law firms, with decades of experience prosecuting and trying complex commercial actions, including as appointed lead, co-lead, or liaison class counsel in numerous matters.

37.  By firm, the total lodestar reported by counsel from inception through August 11, 2025, as set forth in the declarations of each of the firms, is as follows:

| FIRM | LODESTAR | HOURS |
|---|---|---|
| Sperling Kenny Nachwalter, LLC | $711,152.50 | 908.70 |
| Klevatt & Associates, LLC | $699,868.70 | 778.70 |
| Hagens Berman Sobol Shapiro, LLP | $293,600.00 | 403.20 |
| TOTAL | $1,704,621.20 | 2090.60 |

011069-11/3261875 V1

38. In sum, from the inception of this matter through August 11, 2025, *Schmidt* Counsel has expended 2090.6 hours prosecuting this case. This time was necessary to effectively develop, prosecute, this case.

39. *Schmidt* Counsel also has advanced substantial costs that have not been reimbursed. Litigation expenses were incurred by *Schmidt* Counsel in two ways. First, all *Schmidt* Counsel firms contributed to a litigation fund from which common expenses were paid. These included such expenses as expert fees, court filing fees, and document hosting fees. Second, each *Schmidt* Counsel firm advanced and kept track of its non-common litigation expenses, such as expenses related to travel and legal research.

40. In summary, the expenditures *Schmidt* Counsel seek reimbursement for are as follows:

| INDIVIDUAL FIRM EXPENDITURES | |
|---|---|
| Sperling Kenny Nachwalter, LLC | **$45,704.75** |
| Klevatt & Associates, LLC | **$3,286.70** |
| Hagens Berman Sobol Shapiro, LLP | **$28,410.29** |
| TOTAL | **$77,401.74** |

41. In light of the payments made to date, the total expenses for which reimbursement is currently sought is $77,401.74.

Dated: August 11, 2025

                                                  /s/ *Christopher R. Pitoun*
                                                  Christopher R. Pitoun

# EXHIBIT A

# HAGENS BERMAN CUMULATIVE HOURS AND LODESTAR BY TIMEKEEPER

| Timekeeper | Title | Billing Rate | Hours | Lodestar |
|---|---|---|---|---|
| Conte, Jennifer | Paralegal | $425.00 | 44.9 | $143,820.00 |
| Grant, Anastasia | Paralegal | $375.00 | 0.1 | $3,691.50 |
| Green, Kevin | Senior Counsel | $900.00 | 1.0 | $237,795.00 |
| Mauni Jalali-Yazdi, Lyes | Associate | $350.00 | 10.5 | $62,956.50 |
| Pershing, Abigail | Associate | $550.00 | 65.3 | $7,966.50 |
| Pitoun, Christopher | Partner | $900.00 | 240.2 | $50,500.00 |
| Stevens, William | Paralegal | $425.00 | 40.4 | $151,532.50 |
| Wolf, Abby | Partner | $800.00 | 0.8 | $640.00 |
| | | TOTAL | 403.2 | $293,600.00 |

# EXHIBIT B

# HAGENS BERMAN LITIGATION EXPENSES BY CATEGORY

| Category | Amount |
|---|---|
| Postage/FedEx/messenger | $195.53 |
| Travel (airfare, train, care rental/mileage, taxi) | $0 |
| Hotel | $0 |
| Meals | $0 |
| Service of subpoenas | $0 |
| Computerized research | $1,214.26 |
| Filing fees and other court costs | $1,982.00 |
| Document database vendor | $0 |
| Depositions (court reporting, videography, transcripts) | $0 |
| Experts/consultants | $0 |
| Litigation Fund Assessments | $25,000.00 |
| Miscellaneous case costs | $18.50 |
| **TOTAL** | **$28,410.29** |