UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEIR MILAN, individually, and on behalf of the Class; CRISTIN MORNEAU and KELLY STRANGE, individually, and jointly as successors-in-interest to Carolyn A. Morneau, and on behalf of the Estate of Carolyn A. Morneau and the Class,<br><br>Plaintiffs,<br><br>v.<br><br>PROTECTIVE LIFE INSURANCE COMPANY and WEST COAST LIFE INSURANCE COMPANY,<br><br>Defendants. | Case No.: 3:22-cv-01861-AHG<br><br>**ORDER DENYING ABSENT CLASS MEMBERS' MOTION FOR ATTORNEY FEES**<br><br>**[ECF No. 76]** |

Before the Court is Counsel for Absent Class Members Janice Schmidt and Judy Vann-Eubanks's ("*Schmidt* Counsel") Motion for Attorney Fees and Reimbursement of Expenses. ECF No. 76.[1] The dispute that is being resolved through the class settlement in this case was, in one form or another, the subject of three separate actions. Defendants here opted to negotiate a resolution with counsel for the plaintiffs in two of those actions

---

[1] *Schmidt* Counsel confirmed at the final approval hearing on October 24, 2025, that their clients do not oppose final approval of the class settlement. ECF No. 84.

1

(which were effectively combined here through the filing of a First Amended Complaint), but not the third action. *Schmidt* Counsel brought and litigated that third action. *Schmidt* Counsel now ask the Court to order that a portion of the attorney fees awarded in the settlement of this action be paid directly to them rather than Class Counsel. For the reasons set forth below, the Court **DENIES** the motion.

I.  **BACKGROUND**

On April 13, 2020, Beverly Allen filed a putative class action in the Eastern District of California against Protective Life Insurance Company and Empire General Life Insurance Company, seeking to represent a class of living insureds and beneficiaries of lapsed life insurance policies. *Allen v. Protective Life Insurance Co., et al.*, No. 1:20-cv-530-JLT-CDB (E.D. Cal.), ECF No. 1 (the "*Allen* action"). On June 20, 2023, Ms. Allen filed a motion for class certification. *Allen*, ECF No. 92. Although that motion was fully briefed, the court did not resolve it. Instead, the *Allen* action has been stayed since December 2023. *Allen*, ECF No. 110.

On December 17, 2021, approximately 20 months after the *Allen* action as filed, Janice Schmidt filed a putative class action in the Eastern District of California against Standard Life Insurance Company and Protective Life Insurance Company, seeking to represent a class of beneficiaries of lapsed life insurance policies. *Schmidt v. Standard Insurance Company, et al.*, No. 1:21-cv-1784-JLT-CDB (E.D. Cal.), ECF No. 1 (the "*Schmidt* action"). On September 28, 2022, Ms. Schmidt filed an amended complaint, adding[2] Judy Vann-Eubanks as a putative class representative. *Schmidt*, ECF Nos. 39, 40. *Schmidt* Counsel filed a notice of related case in the *Allen* action on July 7, 2023. *Allen*, ECF No. 94. The plaintiff moved for class certification of the *Schmidt* action on

---

[2] The Court notes that Ms. Schmidt was not retained as a class representative. *See Schmidt*, ECF No. 63-1 at 8 n.1 (motion for class certification, explaining that "Plaintiff does not seek the appointment of plaintiff Janice Schmidt as a class representative or to certify a class against Standard Life Insurance Company. Ms. Schmidt's claims against Standard Life Insurance Company continue on an individual basis").

August 14, 2023. *Schmidt*, ECF No. 63. Although the certification motion has been fully briefed, there has been no order on the motion. *Schmidt*, ECF No. 63. The *Schmidt* action has also been stayed since December 2023. *Schmidt*, ECF No. 92

The instant action was filed in San Francisco Superior Court on July 5, 2022, by Plaintiffs Cristin Morneau and Kelly Strange against Protective Life Insurance Company, as beneficiaries of a lapsed life insurance policy. ECF No. 1 at 12–65. It was removed and subsequently transferred to the Southern District of California on November 28, 2022. ECF Nos. 14, 15.

Defendants engaged in formal settlement discussions with counsel in the *Allen* action and the instant action using two different mediators. *Schmidt* Counsel did not participate in either mediation. The first mediation was on July 24, 2023, before the Honorable Herbert B. Hoffman. ECF No. 70-3 at 5. The second mediation was on September 11, 2024, with Hunter Hughes. ECF No. 70-3 at 6. Weeks later, the parties accepted the mediator's proposal and settled the *Allen* action and the instant action on a class-wide basis. *Id.* On November 26, 2024, the operative amended complaint was filed in the instant matter to effectively merge the *Allen* action into the instant action and add Keir Milan as a class representative. ECF No. 64. This Court granted preliminary approval of the settlement on April 22, 2025. ECF No. 73.

On August 11, 2025, *Schmidt* Counsel filed this motion for attorney fees and reimbursement of expenses in the instant action. ECF No. 76. Counsel for Plaintiffs Keir Milan, Cristin Morneau, and Kelly Strange ("Class Counsel") oppose *Schmidt* Counsel's request. ECF No. 79. The Court held a hearing on the matter on October 24, 2025, and heard oral argument from all sides. ECF No. 84.

## II.   LEGAL STANDARD

Rule 23 permits awards of "reasonable attorney[] fees and nontaxable costs that are authorized by law or by the parties' agreement." FED. R. CIV. P. 23(h). "In some situations, there may be a basis for making an award to other counsel whose work produced a beneficial result for the class, such as attorneys who acted for the class before certification

but were not appointed class counsel, or attorneys who represented objectors to a proposed settlement under Rule 23(e) or to the fee motion of class counsel. Other situations in which fee awards are authorized by law or by agreement of the parties may exist." FED. R. CIV. P. 23, Advisory Committee Notes on 2003 Amendments to paragraph (h).

"It is well established that an award of attorney[] fees from a common fund depends on whether the attorneys' specific services benefited the fund—whether they tended to create, increase, protect or preserve the fund." *Class Plaintiffs v. Jaffe & Schlesinger, P.A.*, 19 F.3d 1306, 1308 (9th Cir. 1994) (internal quotations omitted). "The attorney requesting an award of fees has the burden of establishing an entitlement to such." *In re Kia Hyundai Vehicle Theft Litig.*, No. 8:22-ml-03052-JVS-KES, 2024 WL 4602700, at *2 (C.D. Cal. Oct. 9, 2024); *accord In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 197 (3rd Cir. 2005) ("The mere fact that a non-designated counsel worked diligently and competently with the goal of benefiting the class is not sufficient to merit compensation"). The Ninth Circuit has held that the "central issue" when determining an award of attorney fees to non-lead counsel is "whether [counsel's] efforts meaningfully benefited the class." *Hill v. Volkswagen Grp. of Am., Inc. (In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.)*, 914 F.3d 623, 642 (9th Cir. 2018). For example, prior to appointment as lead counsel, counsel "may conduct significant factual investigations, perform legal research on novel or innovative theories, and make strategic legal decisions affecting the content of the complaints and the ultimate course of the litigation. [] In such instances, when a substantial benefit has been conferred on the class, non-lead counsel are entitled to reasonable compensation." *Victor v. Argent Classic Convertible Arbitrage Fund L.P.*, 623 F.3d 82, 87 (2d Cir. 2010).

### III. DISCUSSION

*Schmidt* Counsel argue that they meaningfully benefitted the class. ECF No. 80 at 2. *Schmidt* Counsel highlight that they: (1) had an efficient strategy against Defendants due to past experience as class counsel in *Bentley v. United of Omaha Life Insurance Co.*, No. 15-cv-7870-DMG-AJWx, 2018 WL 3357458 (C.D. Cal. May 1, 2018); (2) engaged in

significant factual investigation and discovery, and completed class certification briefing; (3) formulated the theory that formed the framework of the instant settlement—i.e., two separate classes, an injunctive relief class and a damages class; and (4) filed a more viable class action complaint. The Court will address each in turn.

### A. Past Experience in *Bentley*

*Schmidt* Counsel argue that their experience as class counsel in *Bentley*, the first case involving the Statutes at issue here to be certified pursuant to Rule 23(b)(3), meaningfully benefited the class here. ECF No. 76 at 7, 11–12. *Schmidt* Counsel contend that "*Bentley* formed the blueprint for *Schmidt* Counsel's efficient strategy against Protective Life." *Id.* at 7. However, though *Schmidt* Counsel link their experience in *Bentley* to their strategy in *Schmidt*, they do not make a connection to benefiting the class in the instant matter, nor explain how they "laid the foundation" for the settlement here, beyond labeling a heading as such. *Id.* at 11. At most, *Schmidt* Counsel explain how their "reputation, experience, and skill" in this area of litigation "added substantial pressure on Protective Life to resolve these cases." *Id.* at 12.

The Court agrees with Class Counsel's assessment that experience in "a prior case, on behalf of a different class, with different defendants and contracts, under a different legal landscape,[3]" does not support an award of attorney fees in the instant case, without a specific link to how this experience meaningfully benefited the class here. ECF No. 79 at 20–21. *Schmidt* Counsel's reference to the undersigned's citation to *Bentley* in its order granting preliminary approval is not enough. In their reply, *Schmidt* Counsel clarify that they do not seek a "perpetual royalty" for their work in *Bentley*, but they still fail to connect their work in *Bentley* to the instant matter. ECF No. 80 at 11. The Court is not persuaded that *Schmidt* Counsel meaningfully benefited the class **in this case** by using their experience in *Bentley*. *See In re Wells Fargo & Co. Shareholder Derivative Litig.*, 445 F.

---

[3] *Bentley* was decided in 2018, before the Ninth Circuit had addressed causation in *Small v. Allianz Life Ins. Co. of N. Am.*, 122 F.4th 1182 (9th Cir. 2024) and *Moriarty v. Am. Gen. Life Ins.*, 2025 WL 687960 (9th Cir. Mar. 4, 2025).

Supp. 3d 508, 533 (N.D. Cal. 2020) (denying attorney fee request, explaining that "[m]uch of the objection and request for fees is based on work Himmelstein says he performed in an earlier, unrelated case … neither she nor her lawyers identify any legal work they did for the class's benefit. Instead, they state that Lebendig had factual information that could have 'short-circuited' the discovery process. That assertion is speculative, and in any event does not change the fact that Himmelstein did not perform any services that benefitted the class.").

### B.  Significant Factual Investigation and Briefing

*Schmidt* Counsel also argue that they meaningfully benefited the class because they "spent 2090.6 hours propounding and responding to written discovery, taking and defending depositions, engaging an expert and fully briefing class certification." ECF No. 76 at 12–13. *Schmidt* Counsel explain that they retained a Certified Public Accountant and insurance industry expert, Kent E. Barrett, to opine on class-wide damage calculations. ECF No. 76-1 at 7; ECF No. 80 at 6. *Schmidt* Counsel point out that their class certification motion included an expert report, "significantly strengthen[ing] the *Schmidt* plaintiffs' class certification arguments," while the class certification motion in the *Allen* action did not. ECF No. 80 at 6. Thus, *Schmidt* Counsel argue that, due to their strengthened class certification briefing, they conveyed a meaningful benefit to the class in this matter. *Id.*

*Schmidt* Counsel also contend that they engaged in a significant factual investigation "to challenge Protective's argument that it was too burdensome and too time consuming to review the individual files to determine who was an eligible class member." *Id.* at 7. For example, *Schmidt* Counsel reviewed thousands of pages of discovery and obtained a representative sample of 100 life insurance policy files. *Id.* This work "proved that a file-by-file review was doable and did not pose an obstacle to class certification." *Id. Schmidt* Counsel allege that Class Counsel did not seek or obtain this discovery, and therefore had "developed no evidence to overcome this potentially dispositive argument." *Id.* However, *Schmidt* Counsel again fail to connect their work in *Schmidt* to the instant matter, and how their work meaningfully benefitted the class here. *Schmidt* Counsel note that Defendants'

"lawyers no doubt recognized the unique risk *Schmidt* posed to Protective's goal of global peace." *Id.* However, this assertion is too tenuous and speculative to persuade the Court that *Schmidt* Counsel conveyed a meaningful benefit to the class. *See Arkin v. Pressman, Inc.*, 38 F.4th 1001, 1009 (11th Cir. 2022) ("In some circumstances, identifying class members entitled to recovery may well provide a substantial benefit to the class and improve the common fund by ensuring that more class members ultimately recover. The problem here, though, is that Wanca's work in identifying the 1,633 claimants did not provide the class with an independent benefit. … Wanca is not entitled to attorneys' fees for performing work that Bock could easily have duplicated and did not only for the convenience of the class members.").

Additionally, Class Counsel cast doubt on the significance of the discovery completed by *Schmidt* Counsel, contending much of the work was duplicative and could have been avoided had *Schmidt* Counsel sought to coordinate the cases. ECF No. 79 at 16. For example, *Schmidt* Counsel obtained a spreadsheet from Defendant in discovery that compiled class member policy information by policy number, policy issue date, face value, among other data points; however, Class Counsel "had already requested, were forced to compel, and received that data back in 2022." *Id.* at 15. *Schmidt* Counsel also deposed Defendant's Rule 30(b)(6) witnesses, Mike Rebholz and Scott Creutzmann, on June 20, 2023; however, Class Counsel had deposed them in August of 2022. *Id.* Further, there is no information before the Court that novel data or testimony gathered by *Schmidt* Counsel were ever shared with Class Counsel. *See In re Kia,* 2024 WL 4602700, at *4 (denying attorney fees when counsel had "neither claimed nor provided evidence to show that he shared any of his work product with Class counsel, such that this work may actually have been the 'lifeblood' or meaningfully contributed to the development of the common fund"). Though *Schmidt* Counsel reference their "enhanced discovery efforts[,]" the Court is not persuaded that such work provided a meaningful benefit to the class ***in this case***.

//

//

### C. Formulated the Theory that Formed the Framework of the Settlement

*Schmidt* Counsel argue that they formulated the framework of the instant settlement.[4] They reference emails and phone conversations with Class Counsel from 2023 regarding proposals to coordinate the *Allen* action and the *Schmidt* action, where *Schmidt* Counsel proposed certifying two distinct classes: a beneficiary class in *Schmidt* and a reinstatement class in *Allen*, with Class Counsel handling settlement discussions regarding the reinstatement class and *Schmidt* Counsel handling settlement discussions regarding the beneficiary class. ECF No. 80-2 at 4, 6; ECF No. 80 at 3. *Schmidt* Counsel contend that the current settlement, which defines two separate classes represented by two plaintiffs—Keir Milan who is a living insured and Cristin Morneau who is a beneficiary of a deceased policyholder—is the exact same theory that *Schmidt* Counsel proposed to Class Counsel. ECF No. 80 at 4. Thus, having "originat[ed] the class theory upon which the Settlement is built[,]" *Schmidt* Counsel argue they have provided a meaningful benefit to the class.

Having considered the arguments made by each side during the hearing, the Court is not persuaded that *Schmidt* Counsel's proposal of a coordination effort formed the framework for the settlement here. The Court notes that the *Allen* action sought relief for owners and beneficiaries of life insurance policies that had lapsed, and the *Morneau* action sought relief for two beneficiaries of a lapsed policy. ECF No. 1 at 12–65; *see Allen*, ECF No. 92-1 at 9 (motion to for class certification, seeking to certify a class of "[a]ll vested owners and beneficiaries of life insurance policies issued or delivered by Defendant in California, and which, after January 1, 2013, were lapsed or terminated for nonpayment of premium…"). As such, it would make sense that Class Counsel would seek a two-pronged settlement, injunctive relief for the current owners of lapsed policies, the living insured,

---

[4] In their motion for final approval, Class Counsel states that "Schmidt's counsel did not formulate the class theory that shapes the framework of the proposed Settlement." ECF No. 83-1 at 18.

and damages for the beneficiaries of lapsed policies, just as they had pled in the *Allen* action. Thus, even if *Schmidt* Counsel proposed the concept,[5] the Court is not persuaded that this provided a meaningful benefit to the class. *See In re Kia,* 2024 WL 4602700, at *1–*2 (denying attorney fees when the requesting counsel was first to file and class counsel had verbatim copied from his complaint).

### D. Filed a More Viable Class Action Complaint

In their Reply, *Schmidt* Counsel also argue that they meaningfully benefited the class because they presented the only viable class case. ECF No. 80 at 5. *Schmidt* Counsel argue that the *Allen* action was a weaker case than the *Schmidt* action, because Ms. Allen was seeking to represent a class of beneficiaries and living insureds, when she was only a member of the former group. ECF No. 80 at 5; *see Small v. Allianz Life Ins. Co. of N. Am.*, 122 F.4th 1182, 1202 (9th Cir. 2024) ("a representative of only one Subclass[,] []whether Living Insured or Beneficiary[,] cannot adequately represent the Subclass to which they do not belong"). *Schmidt* Counsel do not address whether Class Counsel would have been permitted to amend their complaint to include another class representative that could represent the living insureds. *Schmidt* Counsel, however, concede that they amended their own complaint to replace the original class representative in *Schmidt* with Ms. Vann-Eubanks. ECF No. 76 at 8; *see Schmidt*, ECF No. 63-1 at 8 n.1 (motion for class certification, explaining that "Plaintiff does not seek the appointment of plaintiff Janice Schmidt as a class representative …. Ms. Schmidt's claims against Standard Life Insurance Company continue on an individual basis").

---

[5] The Court also notes that the emails provided seem to reflect a proposal of coordinating the two cases—i.e., the *Allen* action would be led by Class Counsel as a reinstatement class case and the *Schmidt* action would be led by *Schmidt* Counsel as a beneficiary class case, and each counsel would have their own distinct settlement discussions—as opposed to a proposal of a way forward with settlement. ECF No. 80-2 at 6 (proposing that counsel "request the Judge to appoint the Sperling Group as lead counsel for the beneficiary class and your group as lead counsel for the reinstatement class. … Sperling Group would handle any settlement discussions for the beneficiary class and you would handle any discussions for the reinstatement class").

*Schmidt* Counsel's other arguments regarding the suitability of Ms. Allen are likewise unpersuasive. Though *Schmidt* Counsel highlight potential risks with Ms. Allen as a class representative,[6] Class Counsel likewise highlighted risks with Ms. Vann-Eubanks as a class representative.[7] The Court need not address which class representative was more suitable, since ***any*** class representative will undoubtedly be challenged by the opposing party during the class certification briefing stage. Further, *Schmidt* Counsel do not connect why having a superior case has benefited the class here.

As discussed above, the Court is not persuaded that *Schmidt* Counsel provided a meaningful benefit to this class.

## IV.  CONCLUSION

The Court is "sympathetic to [*Schmidt* Counsel], and ha[s] no doubt that [they] dutifully and conscientiously represented their clients. This is not necessarily a case where latecomers attempt to divide spoils that they did not procure. But [*Schmidt* Counsel's] efforts do not entitle them to compensation [] when the record indicates that they did not perform work that benefited the class[.]" *In re Volkswagen*, 914 F.3d at 623. Here, *Schmidt* Counsel did not meet their burden to show that they meaningfully benefited the class. *See, e.g.*, *Sobel v. Hertz Corp.*, 53 F. Supp. 3d 1319, 1333 (D. Nev. 2014) (awarding attorney fees for meaningfully benefitting the class when the court cited counsel's objection as a reason for rejecting the settlement, causing the settlement to be renegotiated for an increase of $42 million to the common fund).

//

//

---

[6] *Schmidt* Counsel allege that Ms. Allen had not listed the lapsed policy in bankruptcy. ECF No. 80 at 5.

[7] Class Counsel allege that Ms. Vann-Eubanks is not a member of the class because she was a contingent beneficiary, and the primary beneficiary was still alive at the time of the insured's death. ECF No. 79 at 11.

For the reasons set forth above, the Court **DENIES** *Schmidt* Counsel's Motion for Attorney Fees and Reimbursement of Expenses. ECF No. 76.

**IT IS SO ORDERED.**

Dated: October 24, 2025

_____
Honorable Allison H. Goddard
United States Magistrate Judge